

FILED
CLERK, U.S. DISTRICT COURT

FEB 11 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DANIEL E. METZLER, | No. SA CV 07-412-FMC (PLA) |
| Petitioner, | |
| v. | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| L.E. SCRIBNER, Warden, | |
| Respondent. | |

## INTRODUCTION

On October 24, 2007, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on January 28, 2008, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Objections, petitioner further elaborates on some of his arguments for equitable tolling set forth in the Petition, i.e., that his attorney's conduct was egregious and that he exercised reasonable diligence in pursuing his rights. Petitioner argues that he is entitled to equitable tolling based on "retained counsel's misleading representations and fraudulent activities." (See Objections at 1). Petitioner further asserts that "a two year wait, from June 2004 until [M]ay 2006,

1  is not an unreasonable period for Petitioner to have deferred inquiry given his experience with the
2  California courts and in light of his attorney's assurances." (See Objections at 4). But petitioner's
3  contention that his "own case history suggested a typical wait of a year and almost eleven months
4  for a post-conviction decision to issue" is inaccurate. (See id.). Petitioner's "Opening Brief" was
5  received by the California Court of Appeal on December 17, 2002, and the Court of Appeal issued
6  its decision on January 27, 2004, thirteen months later. (See Lodgment Nos. 3, 6). The fact that
7  the California Court of Appeal took thirteen months to issue its decision on petitioner's direct
8  appeal does not relieve him of the responsibility to be aware of the status of his direct appeal and
9  to be diligent in pursuing his rights. Clearly, as discussed by the Magistrate Judge in the Report
10 and Recommendation, a nearly two year delay by petitioner negates any contention that he acted
11 with reasonable diligence. (See R&R at 9-12).

12     Moreover, although petitioner's father declares that "it was [his] understanding that a
13 Petition for Review would be submitted to the California Supreme Court," there is no evidence in
14 any of the letters attached to petitioner's Objections that petitioner's attorney or the paralegal who
15 worked for his attorney assured petitioner that a petition for review would be filed in the California
16 Supreme Court. (See Objections, Exh. A, Declaration of Will Metzler, ¶ 5; see also Objections,
17 Exh. B).  In fact, the only mention of a California Supreme Court petition for review in any of the
18 letters attached to petitioner's Objections is in a letter to petitioner dated February 3, 2004,
19 wherein his attorney's paralegal notified petitioner that the Court of Appeal had affirmed his
20 conviction, and indicated that petitioner's father was "deciding if he can afford to file a petition to
21 the California Supreme Court" and that there was "a short time to file for review" to the California
22 Supreme Court. (See Objections, Exh B at 5) (emphasis added). Furthermore, after June 2004,
23 neither petitioner nor his father were receiving any assurances from petitioner's attorney or his
24 attorney's paralegal.  Not only were no assurances given after June 2004, but according to
25 petitioner and petitioner's father, even though numerous attempts were made to contact
26 petitioner's attorney and his attorney's paralegal after June 2, 2004, they received no response
27 of any kind. (See Objections at 4-5; Objections, Exh. A, Declaration of Will Metzler, ¶¶ 8-12).
28 Despite petitioner's awareness that his attorney was unresponsive after June 2, 2004 -- nine

1  months prior to the expiration of the limitations period -- petitioner did not take any steps to pursue
2  his claims during that period. (See R&R at 10-11).

3  In addition, the Court rejects petitioner's assertion that his delay in making an inquiry to
4  the California Supreme Court -- based on the assurances in the letters from his attorney's
5  paralegal -- was reasonable. (See Objections at 4). First, as noted above, no assurances were
6  made by petitioner's attorney or his attorney's paralegal regarding the filing of a petition for review
7  in the California Supreme Court. Next, petitioner asserted in his Opposition that he was not
8  aware of a petition for writ of habeas corpus "going to the trial court" and that his attorney filed it
9  without his knowledge. (See petitioner's Declaration (attached to Opposition to Motion to Dismiss
10 ("Opposition")) at 2). However, two letters from his attorney's paralegal belie any assertion by
11 petitioner that he was unaware of a habeas petition "going to the trial court." (See Objections,
12 Exh. B at pp. 6-7; see also petitioner's Declaration (attached to Opposition) at 2). In a letter dated
13 April 16, 2004, petitioner's attorney's paralegal indicated that "we are going back to the Superior
14 Court on a Habeas Petition regarding new evidence and [i]neffective assistance of [c]ounsel."
15 (See Objections, Exh. B at p. 6). Thereafter, on May 27, 2004, in a letter to petitioner, his
16 attorney's paralegal again referenced a "writ to the Superior Court." (See Objections, Exh. B at
17 p. 7). While the Court considers these representations made by petitioner's attorney's paralegal
18 in 2004 to be assurances that a habeas petition, not a petition for review, would be filed in the
19 Superior Court, any such assurances were hollow, as a habeas petition was not filed in the
20 Superior Court until May 31, 2005, a year later. Nevertheless, the Court finds that petitioner's
21 reliance on these assurances -- regardless of petitioner's belief as to the nature of the
22 assurances -- was proper, at least to some degree. (See Objections, Exh. B at pp. 6-7). Although
23 petitioner's reliance on his attorney's paralegal's assurances was initially justified, petitioner should
24 have taken some action after June 2, 2004, given that petitioner's attorney and his attorney's
25 paralegal were unresponsive after that date, and petitioner's father's weekly attempts to contact
26 petitioner's attorney and his attorney's paralegal were unsuccessful. Accordingly, petitioner is
27 entitled to equitable tolling from March 9, 2004, the date that the statute of limitations period began
28

to run, to June 2, 2004, the date that petitioner received the last letter from his attorney.[1] (See Opposition, Exh. I). As such, petitioner had one year from that date, until June 2, 2005, to file a federal habeas petition.

Considering the facts above in the light most favorable to petitioner, petitioner is also entitled to statutory tolling during the period that his Superior Court habeas petition -- the one that petitioner alleges he did not know about -- was pending, i.e., from May 31, 2005, the date that petitioner's state habeas petition was filed, to June 16, 2005, the date that the Orange County Superior Court denied the petition. (See Lodgment No. 7 at 6; Exhibit 5 (attached to Opposition)). The limitations period then started to run again on June 17, 2005, and expired the next day (since there were only two days left in the limitations period when the Superior Court habeas petition was filed on May 31, 2005).[2] Petitioner did not constructively file his habeas petition in the California Supreme Court until July 9, 2006, over a year after his state habeas petition in the Superior Court was denied,[3] and did not constructively file his federal habeas Petition until March 16, 2007, twenty months after the expiration of the limitations period, and one month after the denial of his California Supreme Court habeas petition. (See Lodgment Nos. 7, 8).

---

[1] Even if the Court tolled the statute for a few months beyond June 2, 2004, to account for the time it took petitioner to realize that his attorney and his attorney's paralegal were unresponsive, the Petition would still be untimely as petitioner does not qualify for tolling for the period of time between the denial of his Superior Court habeas petition and the filing of his habeas petition in the California Supreme Court. See infra.

[2] The statute of limitations was equitably tolled for 85 days -- from March 9, 2004, to June 2, 2004 -- giving petitioner until June 2, 2005, to file a federal habeas petition. However, the limitations period was statutorily tolled while petitioner's state habeas petition was pending in the Superior Court, i.e., from May 31, 2005, to June 16, 2005. Thus, petitioner had until June 18, 2005, to file a federal habeas petition.

[3] A petitioner is entitled to tolling during the intervals between his state petitions (i.e., from the date of the denial of a petition in one court to the filing date of a subsequent petition in a higher court, also known as "gap tolling") provided the petitions were timely filed under state law. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). Here, petitioner's delay of one year is substantial and far longer than the six month period the Supreme Court found to be "unreasonable" in Evans, 546 U.S. at 201. As such, petitioner is not entitled to interval tolling for the period between the denial of his Superior Court habeas petition to the filing of his California Supreme Court habeas petition.

In light of the foregoing, petitioner's reliance in his Objections on Trevino v. Prunty, 150 Fed.Appx. 741, 742 (9th Cir. 2005) (disposition not appropriate for publication and may not be cited to or by the courts of the Ninth Circuit except as provided for by Ninth Circuit Rule 36-3) (holding that "[t]he district court's failure to respond to petitioner's filings, its misleading command not to file any additional pleadings, the incompetence of petitioner's first attorney and the inaction of petitioner's second attorney constitute 'extraordinary circumstances' sufficient to justify Fed.R.Civ.P Rule 60(b)(6) relief"), is misplaced. (See Objections at 2-3, 6). Unlike petitioner's attorney in Trevino, who "fritted away five years without taking any action on petitioner's behalf and withdrew as petitioner's attorney," petitioner's attorney here did take some action on petitioner's behalf by filing a state habeas petition in the Superior Court. See Trevino, 150 Fed.Appx. at 742. Moreover, the Trevino court held that a combination of actions or inactions on both the district court's part and the part of the attorneys constituted "extraordinary circumstances." See id. (emphasis added). There was no court action here that misled petitioner. Trevino is also procedurally distinguishable from petitioner's case, as the petitioner in Trevino was seeking relief from judgment under Fed.R.Civ.P Rule 60(b)(6) based on "extraordinary circumstances." See id. The test for equitable tolling at issue here also involves an evaluation of petitioner's diligence. As such, the Court finds that no different outcome is warranted with respect to the Magistrate Judge's conclusion that petitioner's federal habeas Petition is barred by the statute of limitations.[4]

/
/
/
/
/
/
/

---

[4] Although the Court has allowed petitioner the benefit of tolling for a certain period of time, the ultimate outcome recommended by the Magistrate Judge -- that the Petition be dismissed with prejudice -- remains unchanged.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: Feb. 11, 2008

HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE